IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CHICKA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-cv-1405 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| HEARING HEALTH PA., LLC | ) | |
| *doing business as* SOUNDWISE | ) | |
| HEARING AID TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff's, Susan Chicka's, Second Amended Complaint alleges claims pursuant to Title VII of the Civil Rights Act (Title VII), Americans with Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), and Pennsylvania Human Relations Act (PHRA) against Defendant, Hearing Health Pa., LLC d/b/a/ Soundwise Hearing Aid Technologies (Soundwise). (ECF No. 17). Presently before the Court is Soundwise's Partial Motion to Dismiss Count II, sex retaliation claims, of Ms. Chicka's Second Amended Complaint. (ECF No. 18). Also before the Court is Soundwise's Motion for Sanctions. (ECF No. 20). On September 26, 2022, the Court heard oral argument on both Motions.

For the reasons that follow, Soundwise's Partial Motion to Dismiss Count II of the Second Amended Complaint will be granted. The Court will reserve its ruling on Soundwise's Motion for Sanctions.

I.    **Statement of Facts**

Ms. Chicka began working for Soundwise as an Apprentice in 2004. (ECF No. 17, at ¶ 9). In 2005, Ms. Chicka was promoted to Hearing Aid Specialist. (ECF No. 17, at ¶ 10). Ms.

Chicka was a modified-full time employee, with a schedule of approximately 32 hours per week, Monday through Thursday. (ECF No. 17, at ¶ 12).

The Second Amended Complaint alleges that Ms. Chicka suffers from rheumatoid arthritis, which causes aching joints and painful swelling. (ECF No. 17, at ¶ 13). The Second Amended Complaint further alleges that Ms. Chicka has had two surgeries related to her rheumatoid arthritis and that her rheumatoid arthritis is exacerbated throughout the winter months due to the cold temperatures. (ECF No. 17, at ¶¶ 13-14). During the winter months, Ms. Chicka is unable to walk or stand without pain. (ECF No. 17, at ¶ 14).

On or about September 15, 2016, Ms. Chicka met with Soundwise's President and the Vice President of Sales and requested six weeks of leave to accommodate her rheumatoid arthritis. (ECF No. 17, at ¶ 15). On or about November 15, 2016, Soundwise was purchased by Hearing Health PA, LLC. (ECF No. 17, at ¶ 16). On or about November 16, 2016, Ms. Chicka signed a modified full-time employment contract, which provided compensation of $22.50 per hour plus 6% commission, as well as six weeks of unpaid leave from February 1 to March 15 of each year. (ECF No. 17, at ¶ 17).

The Second Amended Complaint alleges that Ms. Chicka repeatedly informed her Regional Manager, Mr. Minemyer, of her disability and her approved six weeks of unpaid leave; however, Mr. Minemyer told Ms. Chicka that he could not accommodate her leave. (ECF No. 17, at ¶ 18). The Second Amended Complaint further alleges that Mr. Minemyer continually expressed his frustration that her employment contract granted her six weeks of unpaid leave. (ECF No. 17, at ¶ 19).

Ms. Chicka and her coworkers were 64, 70, and 78 years of age, and Mr. Minemyer frequently commented on the ages of the employees in the office. (ECF No. 17, at ¶ 20). On or

about February 1, 2017, Ms. Chicka began her six weeks of unpaid medical leave and was to return to the workplace on March 15, 2017. (ECF No. 17, at ¶ 22). From May through September 2017, Ms. Chicka made multiple requests to Mr. Minemyer to exercise her paid time off for family matters. (ECF No. 17, at ¶ 23). At the time of these requests, Ms. Chicka had accumulated approximately eight days of PTO. (ECF No. 17, at ¶ 24). Mr. Minemyer denied her PTO requests and stated, "You already had six weeks off, there is no way I can make it work." (ECF No. 17, at ¶ 25).

On or about August 15, 2017, Ms. Chicka learned that she was being compensated at a rate of at least $2.50 less than her male counterparts, including Carl Seidl and William Cook, who performed the same duties as Ms. Chicka and who held the same position title. (ECF No. 17, at ¶¶ 28-29). On August 15, 2017, Ms. Chicka called Soundwise's President to discuss her concerns about the sex-based pay disparity as well as Mr. Minemyer's refusal to grant her PTO. (ECF No. 17, at ¶ 30). During the phone call, Soundwise's President told Ms. Chicka that she would receive a raise if she took on additional duties, including the training of the new secretary. (ECF No. 17, at ¶ 31). During this phone call, the President advised Ms. Chicka to contact Mr. Minemyer to discuss her pay-related concerns. (ECF No. 17, at ¶ 32). During this conversation, the President also told Ms. Chicka that her six-week leave accommodation was her right under her employment contract, that it was an accommodation, and that Mr. Minemyer could not retaliate against her for utilizing this leave. (ECF No. 17, at ¶ 32).

On or about August 16, 2017, Ms. Chicka sent an email to Mr. Minemyer outlining her discussion with Soundwise's President and expressing her desire for a pay raise to match her male counterparts. (ECF No. 17, at ¶ 33). Mr. Minemyer called Ms. Chicka to inform her that her requests for PTO had been granted. (ECF No. 17, at ¶ 34). During the call, Mr. Minemyer

also told Ms. Chicka that Soundwise would "revisit" her pay disparity and discrimination complaints. (ECF No. 17, at ¶ 34).

On or about August 29, 2017, Mr. Minemyer terminated Ms. Chicka's employment, citing her inability to increase her work schedule to full-time. (ECF No. 17, at ¶ 35). The Second Amended Complaint alleges that during her termination meeting, Mr. Minemyer stated that due to Ms. Chicka's disability and her accommodations, her employment with Soundwise "could not work out." (ECF No. 17, at ¶ 36). During the same call, Mr. Minemyer also stated that he thought Ms. Chicka was a "great employee" and that her termination was based upon "nothing that you have done." (ECF No. 17, at ¶ 36).

The Second Amended Complaint alleges that Ms. Chicka was never asked to begin a full-time 40-hour work schedule prior to her termination. (ECF No. 17, at ¶ 37). Soundwise replaced Ms. Chicka with Mr. Seidl, a younger employee. (ECF No. 17, at ¶ 39). The Second Amended Complaint further alleges that Mr. Minemyer told Ms. Chicka that she no longer needed her position, as she was "ready to retire." (ECF No. 17, at ¶ 40). Ms. Chicka was never compensated for her accrued PTO after her termination, and Soundwise informed Ms. Chicka that accrued PTO was not reimbursed following termination under company policy. (ECF No. 17, at ¶ 42).

## II. Standard of Review

### A. Motion to Dismiss

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of

a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175). In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile." *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### B. Motion for Sanctions

Pursuant to 28 U.S.C. § 1927, sanctions may be imposed when:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 requires a finding of four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Conn. Holding Grp.*, 287 F.3d 279, 288 (3d Cir. 2002). The principal purpose of 28 U.S.C. § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996) (internal quotations omitted).

Although § 1927 provides courts with a mechanism for sanctioning vexatious and willful conduct, this is a power that "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.*, 790 F.2d 342, 374 (3d Cir. 1986) (citation omitted). "[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *LaSalle*, 287 F.3d at 289 (citations omitted).

### III. Discussion

#### A. Motion to Dismiss Count II of the Second Amended Complaint

Soundwise argues that Ms. Chicka did not properly exhaust her administrative remedies for her sex retaliation claims at Count II because she did not include retaliation on the basis of sex in her dually-filed PHRC and EEOC charges. (ECF No. 19, at 6). Ms. Chicka argues that

7

her claims at Count II are encompassed within the scope of her dually-filed PHRC and EEOC charges and should survive Soundwise's Motion to Dismiss.  (ECF No. 23, at 4).

Before a plaintiff can bring a civil action for employment discrimination, the aggrieved employee must first file a charge with the EEOC and receive notice of his or her right to sue the employer in federal court.  *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978).  "Once the EEOC receives a charge, it is required to give notice to the employer and to make an investigation to determine whether there is reasonable cause to believe that the charge is true." *Id.*  If in the course of its investigation the EEOC finds no reasonable cause for the underlying charge, the EEOC then issues a letter informing the charging party of his or her right to sue in federal court.  *Id.*  The scope of a resulting private civil action is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Id.* (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)).  In order to include a claim in the district court action that was not included in the original EEOC charge, there must be a "close nexus" between the facts alleged in the administrative charge and any newly raised claim.  *See id.* at 967; *see also Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

Ms. Chicka's dually-filed PHRC and EEOC charges reference unequal pay sex discrimination, retaliation for attempting to take disability leave, discharge for age discrimination, and discharge in retaliation for taking disability leave.  (ECF No. 18-1, at 3-6).  Ms. Chicka's dually-filed PHRC and EEOC charges do not mention any sex retaliation claims.  (ECF No. 18-1, at 3-6).  Ms. Chicka's dually-filed PHRC and EEOC charges do not give Soundwise notice of any sex retaliation claims, and nothing is pled in the Second Amended Complaint to suggest that her alleged sex retaliation claims would arise out of any subsequent

PHRC or EEOC investigations into the charges.  Thus, Soundwise's Motion to Dismiss Ms. Chicka's Count II for failure to exhaust administrative remedies will be granted.  As the Court cannot say that amendment would be inequitable or futile, the Court will give Ms. Chicka leave to amend her Second Amended Complaint regarding her Count II, sex retaliation claims.

### B. Soundwise's Motion for Sanction

Defense counsel argues that each of Ms. Chicka's three complaints have contained glaring errors and that Plaintiff's counsel has been uncommunicative during any attempts to cure such defects.  (ECF No. 21, at 1-2).  Plaintiff's counsel admits that, although there have been errors in the procedural history of the case, none of the procedural defects in the case have been done intentionally or in bad faith.  (ECF No. 28, at 7-8).

Ms. Chicka initiated the instant action by filing a Summons and Complaint on October 18, 2021.  (ECF No. 1).  The original Complaint asserted claims against Soundwise for: (1) Count I, Sex Discrimination; (2) Count II, Disability Discrimination; (3) Count III, Disability Retaliation; (4) Count IV, Failure to Accommodate in violation of the ADA and PHRA; (5) Count V, Age Discrimination; (6) Count VI, Pennsylvania Wage Payment and Collection Law; (7) Count VII, Breach of Contract; and (8) Count VIII, Quasi-Contract/Unjust Enrichment.  (ECF No. 1).  Defense counsel advised Plaintiff's counsel by email that the final three counts of the original Complaint were time-barred and must be dismissed.  (ECF No. 21, at 2-3).  On April 21, 2022, Soundwise filed a Partial Motion to Dismiss Counts VI, VII, and VIII of the original Complaint.  (ECF No. 7).

On May 12, 2022, Ms. Chicka filed her First Amended Complaint.  (ECF No. 8).  Ms. Chicka's First Amended Complaint asserted claims against Soundwise and Hearing Health for: (1) Count I, Disparate Compensation in Violation of the Equal Pay Act of 1963; (2) Count II,

Retaliation and Termination in Violation of the EPA; (3) Count III, Sex Discrimination; (4) Count IV, Disability Discrimination; (5) Count V, Disability Retaliation; (6) Count VI, Failure to Accommodate in violation of the ADA and PHRA; (7) Count VII, Age Discrimination.  (ECF No. 8).  The First Amended Complaint differed from the original Complaint in that it: (1) removed Counts VI, VII, and VIII of the original Complaint; (2) added a new defendant, Hearing Health; and (3) added two new claims, Counts I and II, asserting violations of the EPA.  (ECF No. 8).  As Ms. Chicka had filed an Amended Complaint, the Court denied Soundwise's Partial Motion to Dismiss as moot.  (ECF No. 9).  Defense counsel advised Plaintiff's counsel by telephone that the first two counts of the First Amended Complaint were time-barred and must be dismissed and that any claims against Hearing Health were improper as Ms. Chicka did not allege to have been employed by Hearing Health and because she failed to exhaust her administrative remedies against Hearing Health prior to filing suit.  (ECF No. 21, at 4).  On May 26, 2022, Soundwise filed a Partial Motion to Dismiss Counts I and II of the First Amended Complaint.  (ECF No. 10).

On June 24, 2022, Ms. Chicka filed a Motion for Leave to File a Second Amended Complaint.  (ECF No. 14).  The Court granted Ms. Chicka's Motion for Leave to File a Second Amended Complaint and denied Soundwise's Second Partial Motion to Dismiss as moot.  (ECF Nos. 15 & 16).  Ms. Chicka's Second Amended Complaint asserted claims against Soundwise for: (1) Count I, Sex Discrimination; (2) Count II, Sex Retaliation; (3) Count III, Disability Discrimination; (4) Count IV, Disability Retaliation; (5) Count V, Failure to Accommodate in violation of the ADA and PHRA; and (6) Count VI, Age Discrimination.  (ECF No. 17).  The Second Amended Complaint differed from the First Amended Complaint in that it: (1) removed Counts I and II of the First Amended Complaint; (2) removed Hearing Health as a defendant;

and (3) added new claims at Count II, asserting sex retaliation.  (ECF No. 17).  Again, defense counsel advised Plaintiff's counsel by email that Plaintiff's counsel had failed to seek leave to assert the new claims and that the new sex retaliation claims must be removed from the Second Amended Complaint, because Ms. Chicka failed to exhaust administrative remedies.  (ECF No. 21, at 7).  On July 11, 2022, Soundwise moved to dismiss Count II of the Second Amended Complaint.  (ECF No. 18).  On August 1, 2022, Soundwise filed a Motion for Sanctions.  (ECF No. 20).

Based on this tortured procedural history, the Court admonishes Plaintiff's counsel for being the sole cause of numerous delays and excessive unnecessary filings in this case.  This case was initially filed on October 18, 2021.  It is disappointing to the Court that the case is only in the Motion to Dismiss phase of the case after nearly a year of litigation.  Following careful review of Soundwise's Motion for Sanctions and attached exhibits, as well as arguments of counsel, the Court finds nothing in this case to justify the time and expense incurred by Soundwise to litigate this matter, thus far.  As demonstrated by the email correspondence between counsel, the procedural defects of the three complaints could have easily been resolved through adequate communication and voluntary action by Plaintiff to resolve.  However, Plaintiff did not acknowledge or correct the deficiencies until after the defense had to file multiple Motions to Dismiss.  Notwithstanding, the Court will reserve its ruling on Soundwise's Motion for Sanctions at this time.

### IV.     Conclusion

Soundwise's Motion to Dismiss is granted.  Ms. Chicka's Count II, sex retaliation claims, are dismissed from the case.  Ms. Chicka is granted leave to amend her Second Amended Complaint with regard to her Count II, sex retaliation claims.  Ms. Chicka may file a Third

Amended Complaint by October 12, 2022.  If Ms. Chicka files a Third Amended Complaint, Soundwise shall file its responsive pleading within 14 days of Ms. Chicka's filing of a Third Amended Complaint.  If there is no Third Amended Complaint filed by October 12, 2022, Soundwise shall file its Answer to the remaining claims within Ms. Chicka's Second Amended Complaint by October 26, 2022.  The Court will reserve its ruling on Soundwise's Motion for Sanctions.

DATE: 9/28/2022

Marilyn J. Horan
United States District Judge