IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CHICKA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-cv-1405 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| HEARING HEALTH PA., LLC | ) | |
| *doing business as* SOUNDWISE | ) | |
| HEARING AID TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Sanctions. (ECF No. 20). Defendant filed a Brief in support and attached exhibits. (ECF No. 21). Plaintiff filed a Response in Opposition and an accompanying Brief with attached exhibits. (ECF Nos. 27-28). On September 26, 2022, the Court heard oral argument on Defendant's Motion for Sanctions. (ECF No. 33). On September 28, 2022, the Court issued an Opinion and Order granting Defendant's Partial Motion to Dismiss Count II of the Second Amended Complaint. (ECF Nos. 34-35). The Court reserved its ruling on Defendant's Motion for Sanctions. For the reasons that follow, Defendant's Motion for Sanctions will be granted.

I. **Relevant Legal Standards**

Pursuant to 28 U.S.C. § 1927, sanctions may be imposed when:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 requires a finding of four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the

1

proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Conn. Holding Grp.*, 287 F.3d 279, 288 (3d Cir. 2002). The principal purpose of 28 U.S.C. § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996) (internal quotations omitted).

Although § 1927 provides courts with a mechanism for sanctioning vexatious and willful conduct, this is a power that "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.*, 790 F.2d 342, 374 (3d Cir. 1986) (citation omitted). "[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *LaSalle*, 287 F.3d at 289 (citations omitted).

**II.     Findings of Facts**

1. Plaintiff initiated the instant action by filing a Summons and Complaint on October 18, 2021. (ECF No. 1).

2. The original Complaint asserted claims against Soundwise for: (1) Count I, Sex Discrimination; (2) Count II, Disability Discrimination; (3) Count III, Disability Retaliation; (4) Count IV, Failure to Accommodate in violation of the ADA and PHRA; (5) Count V, Age Discrimination; (6) Count VI, Pennsylvania Wage Payment and Collection Law; (7) Count VII, Breach of Contract; and (8) Count VIII, Quasi-Contract/Unjust Enrichment. (ECF No. 1).

3. Defense counsel emailed Plaintiff's counsel on March 1, 2022 and March 14, 2022 to schedule a time to speak. (ECF No. 21, at 3).

4. Plaintiff's counsel ignored said email requests. (ECF No. 21, at 3).

5. On March 17, 2022, March 29, 2022, and April 8, 2022, defense counsel advised Plaintiff's counsel by email that the final three counts of the original Complaint were time-barred and must be dismissed, and that the Complaint had not been timely served on the Defendant. (ECF No. 21, at 2-3).

6. Plaintiff's counsel failed to dismiss the time-barred claims and proceeded to serve the Complaint on Defendant 163 days after it was filed in this Court. (ECF No. 21, at 3).

7. On April 21, 2022, Defendant filed a Partial Motion to Dismiss Counts VI, VII, and VIII of the original Complaint and to challenge Plaintiff's late service of the Complaint. (ECF No. 7).

8. On April 22, 2022, defense counsel wrote to Plaintiff's counsel threatening to seek sanctions for counsel's refusal to cure the defective pleading, causing Defendant to file an otherwise unnecessary Motion to Dismiss. (ECF No. 21, at 3).

9. On May 12, 2022, Plaintiff filed her First Amended Complaint. (ECF No. 8). Plaintiff's First Amended Complaint asserted claims against Soundwise and Hearing Health for: (1) Count I, Disparate Compensation in Violation of the Equal Pay Act of 1963; (2) Count II, Retaliation and Termination in Violation of the EPA; (3) Count III, Sex Discrimination; (4) Count IV, Disability Discrimination; (5) Count V, Disability Retaliation; (6) Count VI, Failure to Accommodate in violation of the ADA and PHRA; (7) Count VII, Age Discrimination. (ECF No. 8).

10. The First Amended Complaint differed from the original Complaint in that it: (1) removed Counts VI, VII, and VIII of the original Complaint; (2) added a new defendant, Hearing Health; and (3) added two new claims, Counts I and II, each asserting violations of the EPA. (ECF No. 8).

11.     As Plaintiff had filed an Amended Complaint, the Court denied Defendant's Partial Motion to Dismiss as moot.  (ECF No. 9).

12.     On May 25, 2022, defense counsel advised Plaintiff's counsel by telephone that the two new EPA claims in the first two counts of the First Amended Complaint were time-barred and must be dismissed and that any claims against Hearing Health were improper as Plaintiff did not allege to have been employed by Hearing Health and because she failed to exhaust her administrative remedies against Hearing Health prior to filing suit.  (ECF No. 21, at 4).

13.     During the phone call, Plaintiff's counsel declined to acknowledge that the EPA claims were time-barred and told defense counsel to file her Second Motion to Dismiss.  (ECF No. 21, at 4).

14.     Later that day, defense counsel sent Plaintiff's counsel an email requesting an extension of time to respond to the First Amended Complaint.  (ECF No. 21, at 4).

15.     Plaintiff's counsel did not respond to defense counsel's request for an extension of time.  (ECF No. 21, at 5).

16.     Plaintiff did not withdraw the time-barred EPA claims or the claims against Hearing Health.  (ECF No. 21, at 5).

15.     On May 26, 2022, Defendant filed a Partial Motion to Dismiss Counts I and II of the First Amended Complaint.  (ECF No. 10).

16.     On June 3, 2022, Plaintiff's counsel's office sent an email to defense counsel requesting that the Second Motion to Dismiss be withdrawn, claiming that the EPA claims were raised in the EEOC charge.  (ECF No. 21, at 5).

17. On June 24, 2022, Plaintiff filed a Motion for Leave to File a Second Amended Complaint explaining that Plaintiff planned to remove the EPA claims at Counts I & II and to remove the added Defendant, Hearing Health.  (ECF No. 14).

18. The Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint and denied Defendant's Second Partial Motion to Dismiss as moot.  (ECF Nos. 15 & 16).

19. Plaintiff's Second Amended Complaint asserted claims against Soundwise for: (1) Count I, Sex Discrimination; (2) Count II, Sex Retaliation; (3) Count III, Disability Discrimination; (4) Count IV, Disability Retaliation; (5) Count V, Failure to Accommodate in violation of the ADA and PHRA; and (6) Count VI, Age Discrimination.  (ECF No. 17).

20. The Second Amended Complaint differed from the First Amended Complaint in that it: (1) removed the EPA claims at Counts I and II of the First Amended Complaint; (2) removed Hearing Health as a defendant; and (3) added a new claim at Count II, asserting sex retaliation.  (ECF No. 17).

21. On June 29, 2022 and July 6, 2022, defense counsel emailed Plaintiff's counsel that Plaintiff's counsel had failed to seek leave to assert the new claims and that the new sex retaliation claim must be removed from the Second Amended Complaint because Plaintiff failed to exhaust administrative remedies as to said claim.  (ECF No. 21, at 6-7).

22. During the phone call, Plaintiff's counsel refused to remove the new sex retaliation claim and told defense counsel to file her Third Motion to Dismiss.  (ECF No. 21, at 7).

23. On July 11, 2022, Defendant moved to dismiss the sex retaliation claim at Count II of the Second Amended Complaint.  (ECF No. 18).

24. On July 11, 2022, defense counsel sent a second sanctions letter to Plaintiff's counsel. (ECF No. 21, at 7-8).

25. On July 11, 2022, Plaintiff's counsel sent an email response refusing to withdraw the new sex retaliation claim at Count II. (ECF No. 21, at 8).

26. On August 1, 2022, Defendant filed a Motion for Sanctions. (ECF No. 20).

27. On September 28, 2022, this Court granted Defendant's Partial Motion to Dismiss the sex retaliation claim at Count II of the Second Amended Complaint for failure to exhaust administrative remedies. (ECF No. 35).

**III.    Discussion**

Based on this tortured procedural history, the Court admonishes Plaintiff's counsel for being the sole cause of numerous delays and excessive unnecessary filings in this case. This case was initially filed on October 18, 2021. It is disappointing to the Court that the case was only in the Motion to Dismiss phase of the case after nearly a year of litigation at the time of the September 26, 2022 Sanctions Hearing. Following careful review of Defendant's Motion for Sanctions and attached exhibits, as well as arguments of counsel, the Court finds nothing in this case to justify the time and expense incurred by Defendant to litigate this matter, through lack of service, Complaint, Amended Complaint, Second Amended Complaint, and addition and removal of a defendant. As demonstrated by the email correspondence between counsel, the procedural and substantive defects of the three complaints could have easily been resolved through adequate communication and voluntary action by Plaintiff to resolve. However, Plaintiff did not acknowledge or correct the deficiencies until after the defense had to file multiple Motions to Dismiss. All of the defects cited by defense counsel in correspondence with Plaintiff's counsel and in the Motions to Dismiss were well-taken and Defendant was correct in

its reasoning. Considering the motions filings, briefings, and oral argument, there is no support for a finding of misunderstanding, bad judgment, or well-intentioned zeal on the part of the Plaintiff's counsel.

### IV. Conclusions of Law

1. Plaintiff's counsel's actions multiplied the proceedings in the case.

2. Plaintiff's counsel behaved unreasonably and vexatiously in the context of the litigation.

3. Plaintiff's counsel's actions increased the cost of the proceedings.

4. Plaintiff's counsel's conduct was done intentionally and in bad faith.

5. The Court finds that the conduct outlined above is sanctionable.

### V. Conclusion

For the above stated reasons, Defendant's Motion for Sanctions will be granted. The Court will schedule a separate Hearing for the purposes of Court determination of the sanctionable amount in the case. A separate Order to follow.

DATE: 2/23/2023

Marilyn J. Horan
United States District Judge